UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NYQELL BROWN,

                                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, DETECTIVE DANIEL
TICALI, shield # 5570, JOHN DOES 1-2, JANE DOE,

                                              Defendants.

------------------------------------------------------------------- x

**COMPLAINT**

12 Civ. 5011 (PKC)

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

      1.    Plaintiff, a college student without a criminal record, brings this civil rights action against the City of New York and four New York City Police Officers alleging that, on May 10, 2012, at approximately 6:45 p.m., defendants violated her rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting and illegally strip searching her in a residential building. Plaintiff was not charged with a crime and was released from custody after approximately 30 minutes. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

      3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York state law claims of false arrest, assault and

battery which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because plaintiff's *Monell* claim is based on acts and omissions that occurred in this District at One Police Plaza, the Internal Affairs Bureau and the Office of the Civilian Complaint Review Board.

<h3 style="text-align:center"><strong><u>NOTICE OF CLAIM</u></strong></h3>

5.     With respect to plaintiff's state law claims, a notice of claim was duly filed with the City within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

<h3 style="text-align:center"><strong><u>JURY TRIAL</u></strong></h3>

6.     Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

<h3 style="text-align:center"><strong><u>PARTIES</u></strong></h3>

7.     Plaintiff is a United States citizen.

8.     The City of New York is a municipal corporation organized under the laws of the State of New York.

9.     The individual defendants are members of the New York City Police Department ("NYPD").  Defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times.  Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10.     On, May 10, 2012, at approximately 6:45 p.m., Detective Daniel Ticali and two other male officers of Narcotics Borough Brooklyn South illegally seized plaintiff and her boyfriend Kyoma Whint when they were visiting a friend at 5905 Shore Parkway in Brooklyn, a residential building operated by the New York City Housing authority.

11.     Although plaintiff and Whint had not committed a crime or violation, Ticali and the other two officers arranged for a female officer to come to the location and strip search plaintiff.

12.     The female officer who responded was in uniform and appeared to be Hispanic.

13.     The female officer, with the approval and knowledge of Ticali and the other two male officers, illegally strip searched plaintiff in the hallway.

14.     The female officer ordered plaintiff to pull down her pants and underwear and expose her private areas.

15.     Defendants' strip search of plaintiff was illegal because there was no reasonable suspicion to believe that plaintiff was hiding illegal items under her clothes, because plaintiff was not being placed in a general jail population at the time of the search, and because the search was conducted in public.

16.     Nothing illegal was found on plaintiff and she was released approximately 30 minutes after she was initially seized.

17.     Plaintiff called her mother, Japel Daniely, who responded to the location.

18.     Daniely observed the female officer who was wearing gloves.

19.     Daniely spoke with Ticali who gave her his badge number.

3

20.    After her release, plaintiff filed a complaint with the Civilian Complaint Review Board ("CCRB").

21.    CCRB refused to take a statement from Whint because Whint does not have government issued identification.

22.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment and humiliation. Plaintiff did not receive medical or mental health treatment as a result of defendants' conduct.

## FIRST CLAIM

### (FALSE ARREST)

23.    Plaintiff repeats the foregoing allegations.

24.    At all relevant times, plaintiff did not commit a crime or violation.

25.    Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

26.    Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (ILLEGAL STRIP SEARCH)

27    Plaintiff repeats the foregoing allegations.

28.    Defendants' strip search of plaintiff was illegal because there was no reasonable suspicion to believe that plaintiff was hiding illegal items under her clothes, because plaintiff was not being placed in a general jail population at the time of the search, and because the search was conducted in public.

29.    Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching her.

## THIRD CLAIM

### (FAILURE TO INTERVENE)

30.    Plaintiff repeats the foregoing allegations.

31.    Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

32.    Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

33.    Plaintiff repeats the foregoing allegations.

34.    The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

35.    The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

36.    Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

37.    In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes.  Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports,

perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving

under the influence of alcohol, vehicular homicide, assault and domestic violence.  In fact,

former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in

federal and state court and served time in federal prison.  In 2011, Brooklyn South narcotics

officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings

County, while under indictment for corruption and is presently serving a life sentence.  In 2011,

Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were

convicted of felonies in Supreme Court, New York County, for lying under oath, filing false

information to obtain search warrants and performing illegal searches of vehicles and

apartments.  In 2012, New York City Police Officer Michael Pena was convicted in Supreme

Court, New York County, of raping and sexually assaulting a woman at gunpoint and is

presently serving a sentence of 75 years to life.

38.    In October 2011, former Brooklyn South narcotics officer Jason Arbeeny

was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals

and falsifying arrest reports.  Before issuing a verdict of guilty, the judge scolded the NYPD for

what he described as a "widespread culture of corruption endemic in its drug units."  The judge

further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a

"cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of

misconduct but even more distressingly by the seeming casualness by which such conduct is

employed."

39.    At least one federal court has recognized that there is widespread

falsification by members of the NYPD.  In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9

(JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal

inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

40.     Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

41.     Despite the above, the City exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

42.     The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FIFTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

43.     Plaintiff repeats the foregoing allegations.

44.     At all relevant times, plaintiff did not commit a crime or violation.

45.     Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

46.     Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SIXTH CLAIM

### (ASSAULT)

47.     Plaintiff repeats the foregoing allegations.

7

48.     Defendants' seizure and strip search of plaintiff placed her in fear of imminent harmful and offensive physical contacts which injured her.

49.     Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

### (BATTERY)

50.     Plaintiff repeats the foregoing allegations.

51.     Defendants' seizure and strip search of plaintiff were offensive and nonconsensual physical contacts which injured her.

52.     Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## EIGHTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

53.     Plaintiff repeats the foregoing allegations.

54.     The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested and assaulted and battered plaintiff.

55.     Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

8

      c.      Attorney's fees and costs;

      d.      Such other and further relief as the Court may deem just and proper.

DATED:      June 22, 2012

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391